[S. F. No. 2714. Department Two.—September 15, 1903.]

## H. NISSON, Respondent, v. FRED H. HOOD and ALICE M. HOOD, Appellants.

VENDOR AND PURCHASER—ACTION UPON NOTES—FALSE REPRESENTATION AS TO PROFITS—CROSS-COMPLAINT—DAMAGES FOR FRAUD.—In an action by a vendor upon notes given in part payment of the purchase price of land, the defendants may by answer and cross-complaint recoup from the notes the amount of damages sustained by false and fraudulent representations of the vendor and others in conspiracy with him as to profits made in the management of the property, whereby the purchaser was induced to purchase the property; and where the action for damages for the fraud is brought within the period fixed by the statute of limitations, it was error to refuse to admit proffered evidence to prove the fraud and damages alleged.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Frank J. Murphy, for Appellants.

Henry H. Davis, for Respondent.

HENSHAW, J.—This is an action brought to recover the amount due upon two promissory notes according to their tenor, the notes having been made by defendant Hood, and indorsed by Alice M. Hood, his wife. They were given in part payment of the purchase price of a ranch situated in the county of Yolo. They were executed upon the seventh day of December, 1895, and were payable on the sixth day of December, 1896. The complaint herein was filed upon the ninth day of March, 1897, and on the seventeenth day of April of the same year the defendants filed their separate answers and cross-complaints. The defense charged misrepresentation and fraud, upon the part of plaintiff and others conspiring with him, whereby defendants were induced to purchase the land in question. By cross-complaint the same allegations of fraud were set forth and damages sought for losses occasioned

by the fraud. The court refused to allow evidence to be introduced upon the subject-matter of the defenses and the cross-complaint, and appellants urge this as error upon their appeal. Both in the answer and in the cross-complaint it is charged that in pursuance of a conspiracy to induce defendants to purchase the ranch the plaintiff and his co-conspirators represented to defendant that the ranch "was a valuable ranch, and that the same was making money every year, and that for many years last past during each and every year one of the crops either of fruits or of grapes was sufficient to pay all the running expenses of said ranch and that the remaining crop represented a net profit from the management and operation of said ranch."

It is alleged that the defendant, after his purchase, learned that the ranch had never made any profit for many years last past, and that it was not possible to make any profit out of the management of it. A positive statement of profits made in the management of property, if false, and if made to induce a prospective vendee to purchase the property, is a fraudulent misrepresentation within the law, entitling the vendee to appropriate relief. In this case he seeks relief from the contract evidenced by his promissory notes, and this he is justified in doing. (*Hart* v. *Church,* 126 Cal. 471.[1]) His action for damages for the fraud is brought within the period fixed by the statute of limitations. The court erred, therefore, in refusing to admit the proffered evidence.

The judgment and order are therefore reversed and the cause remanded.

McFarland, J., and Lorigan, J., concurred.

---

[1] 77 Am. St. Rep. 195.