[Civ. No. 543.   First Appellate District.—February 16, 1909.]

# E. DEL VECCHIO, Respondent, v. P. SAVELLI, Appellant.

ACTION FOR DECEIT—FALSE REPRESENTATIONS AS TO PROFITS OF BUSINESS—BURDEN OF PROOF—PRIMA FACIE CASE—MOTION FOR NONSUIT.—In an action to recover damages for alleged false and fraudulent representations made by defendant to plaintiff with respect to the amount of weekly profits received from two barber-shops, up to the time of the sale of a half interest therein to plaintiff, who was not a barber, and who purchased relying upon defendant's false representation that the profits were $100 per week up to that time, though the plaintiff has the burden to prove that the averments of the complaint are *prima facie* true, yet such burden is sufficiently sustained to preclude the granting of a motion for nonsuit, by proof that the first week after the purchase the profits were not $100, but only $39, and that for no week while the parties were in business did they exceed more than $40, and that for many weeks they were much less.

ID.—PROOF OF NEGATIVE AVERMENT.—The averment of the complaint as to the profits of the shops was negative in character; and under the circumstances like these here appearing, a negative allegation does not require the same degree of proof to sustain it as does an affirmative allegation.

ID.—PROOF OF FRAUD SUSTAINED BY INFERENCE.—Fraud is generally proved by inference from facts and circumstances, and not by direct and positive proof; and it is held that the circumstances of this case afforded a satisfactory inference that the representations as to the profits of the shops were false and fraudulent.

ID.—NEGLECT OF DEFENDANT TO KEEP BOOKS.—When it appears that though the plaintiff became a partner in the business, no apparent change was made in its management, and that the defendant kept no books of account, the plaintiff produced all the evidence on this point that could be expected of him.

ID.—ACTION FOR DECEIT NOT WAIVED—EFFECT OF VERDICT.—*Held*, that there is nothing in the record to show that this action for deceit was waived; and it is conclusive against it that there was sufficient evidence to warrant the jury in believing, as their verdict for the plaintiff shows, that the fraud was not waived.

ID.—SINGLE MATERIAL MISREPRESENTATION.—A single material misrepresentation knowingly made with intent to induce another to enter into a contract, will, if believed and relied upon by that other, afford as complete a ground for relief as if it had been accompanied by a multitude of other false representations.

Id.—Right of Plaintiff to Rely upon False Representations as to Past Profits—Fact Peculiarly Known to Maker.—Under the law and the circumstances of this case, the plaintiff was entitled to rely upon the false representations as to the past profits of the business, which is to be considered as of a fact lying peculiarly within the knowledge of the maker, so that they may be relied upon; and if they are false and known to be such, they constitute fraud, and the plaintiff, having relied thereupon to his damage, is entitled to recover therefor.

Id.—Election of Remedy—Rescission not Required—Notice—Election to Sue for Damages.—The plaintiff had the election either to rescind the contract of sale, or to bring suit for damages for the false and fraudulent representations. But the mere fact that the plaintiff gave notice of rescission does not require him to pursue that remedy; and he could leave the rescission ineffective, and elect to sue for damages for the fraud.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Robert H. Countryman, for Appellant.

Devoto & Richardson, for Respondent.

KERRIGAN, J.—This action was brought to recover damages for alleged false and fraudulent representations made by defendant to plaintiff, with respect to two barber-shops in San Francisco, in the course of negotiations resulting in a sale of an interest therein by defendant to plaintiff.

The cause was tried before a jury, which returned a verdict in favor of the plaintiff, and assessed the damages at the sum of $450. Judgment was entered accordingly, and this appeal is taken by defendant within sixty days thereafter.

The facts of the case briefly told are these: The plaintiff who was himself not a barber, and wholly unfamiliar with that business, was sought by defendant, and urged by him to buy a half interest in the two shops, including their furniture and fixtures, goodwill and a lease of property on which one of the shops stood, the defendant representing that the net profits of the shops from the beginning of the business

down to that time amounted to $100 per week. The plaintiff, relying implicitly upon these representations, on September 18, 1906, agreed to the purchase, and received a transfer of the one-half interest, since which time there has not been realized from the business during any week a profit of more than $40, and many weeks the profit was very much less.

At the conclusion of the plaintiff's case the defendant made a motion for a nonsuit, which was denied. Appellant claims that this motion should have been granted. It is true that no direct evidence was introduced to show that the profits of the shops prior to the sale of the half interest to plaintiff had not been the sum of $100 per week; but the evidence did show that the profits of both shops for the first week thereafter were not $100, but $39, and that for no week during the months that the parties hereto were associated in business did they exceed $40, and for many weeks they were much less. The averment of the complaint as to the profits of the shops was negative in character; but as the plaintiff made it the basis of his suit the burden was upon him to show that it was at least *prima facie* true (*United States* v. *Southern Colorado Coal etc. Co.*, 18 Fed. 273), and this we think he did. Although plaintiff became a partner of appellant, no apparent change was made in the management of the business. Appellant had kept no books of account; and it seems to us that respondent introduced all the evidence on this point that could be reasonably expected of him. With these features of the case it must be remembered that fraud is generally proved by inferences from facts and circumstances, and not by direct and positive proof (14 Am. & Eng. Ency. of Law, 2d ed., 195, 196), and that under circumstances like those here a negative allegation does not require the same degree of proof to sustain it as does an affirmative allegation. (*Kelly* v. *Owens* [Cal.], 30 Pac. 596; 6 Ency. of Ev., 10, and note 12.) We think that the circumstances of this case afforded a satisfactory inference that the representations as to the profits of the shops were false and fraudulent. It therefore follows that the court committed no error in denying the motion for nonsuit. A single material misstatement, knowingly made with intent to influence another to enter into a contract, will, if believed and relied on by that other, af-

10 Cal. App.—6

ford a complete ground for relief as if it had been accompanied by a multitude of other false representations. (*Davis v. Butler*, 154 Cal. 623, [98 Pac. 1047].)

Appellant asserts that respondent by his conduct waived the alleged fraud, and that he is therefore precluded from maintaining this action. To be sure, respondent remained in the business after being satisfied that he had been deceived; but as respondent did not rescind the contract, but instead confirmed it, he had the right to remain in the business. Aside from the circumstance that he did not begin this suit earlier there is nothing in the record that at all tends to show waiver; and as to this delay respondent explained it, and would no doubt have made a fuller explanation if the court had not, upon objection of appellant, excluded testimony offered for that purpose. It is conclusive, however, of the point to say that there was sufficient evidence to warrant the jury in believing—as it must have—that there was no waiver of the fraud by respondent.

The appellant, as we have seen, made positive statements as to a material matter, namely, the profits of the shops; and under the law and the attending circumstances of this case respondent was entitled to act upon these statements and representations; and having done so, and in consequence suffered damage, he is entitled to relief. Representations as to the past profits realized from a business may be considered as a fact lying peculiarly within the knowledge of the party making them, so that they may be relied upon; and if they are false and known to be false they may amount to fraud. (14 Am. & Eng. Ency. of Law, 2d ed., 126, and note.)

In *Markel v. Moody,* 11 Neb. 213, [7 N. W. 853], it was held that an action of deceit could be maintained for false statements as to the amount of business done and profits realized by the sellers while they were keeping the house.

And in the case of *Messer* v. *Smyth,* 59 N. H. 41, it was held that misrepresentations by the vendor of land as to the quantity of hay that had been cut by him thereon, the quantity and quality of fruit that he had raised, the amount of pasturage it had furnished, the expenses of carrying it on and the income of it, were all statements of fact peculiarly within his knowledge, and upon which the purchaser had a right to rely, and that an action for damages could be maintained for the deceit. To the same effect are *Coon* v. *Atwell,* 46

N. H. 510; *Griffing* v. *Diller*, 66 Hun, 633, [21 N. Y. Supp. 407]. (See, also, 1 Bigelow on Fraud, p. 533; *Dwight* v. *Chase*, 3 Ill. App. 67; *Cottrill* v. *Krum*, 100 Mo. 397, [18 Am. St. Rep. 549, 13 S. W. 753].)

We do not understand that appellant claims that respondent, upon the discovery of the fraud, should have taken steps to rescind the sale to maintain this action, for he certainly had his election to rescind the sale and return the property, or to retain the property and prosecute his claim for damages for false and fraudulent representation. He does, however, seem to claim that as respondent did give notice of rescission (although subsequently he concluded that too much time had elapsed to make rescission effective), he was bound to pursue that remedy, and that therefore he could not maintain this suit for damages. No authorities are cited to support this theory, and comment is unnecessary.

We have examined all the points made on the rulings of the court as to the admission of testimony, and in reference thereto we find that no error was committed.

The judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 18, 1909, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on April 16, 1909.