[Sac. No. 4833. In Bank.—February 27, 1935.]

BERTHA KENNER, Respondent, v. ESTHER SMITH et al., Appellants.

Clifford A. Russell, Wilson Craven, Thomas J. Horan and Joseph Raines for Appellants.

H. Edward Manning°and Kenneth I. Jones for Respondent.

SHENK, J.—The plaintiff brought the action to cancel, on the ground of fraud and misrepresentation, a contract to purchase from the defendants a leasehold interest and the furniture and fixtures of a certain hotel business. The plaintiff had judgment from which the defendants have appealed.

The defendants Esther Smith and Chester E. Smith were the owners of a leasehold interest in the Rialto Hotel in Sacramento, for which the plaintiff agreed to pay the sum of $5,000, payable by applying $500 thereof as a credit on a previous indebtedness, and the balance by the plaintiff's note for $4,500 secured by a deed of trust on real property in Solano County. The plaintiff alleged and the evidence is that the defendants represented to her that the net income from the hotel, while it was being operated by the defendants, was between $250 and $300 per month, but that the business could be increased if the plaintiff would make some needed repairs, and refurnish and redecorate to the extent of about $2,750.

The plaintiff took possession pursuant to the consummated transfer and immediately carried out the plan to make the repairs and to refinish and refurnish the rooms, without closing the hotel business for that purpose. The business, however, produced a loss and the plaintiff after sixty days' occupancy was given notice to vacate because of nonpayment of rent. She gave to the defendants notice of rescission.

The trial court rendered judgment canceling the promissory note of the plaintiff and the deed of trust securing the same, also canceling the credit of $500. In addition the plaintiff was awarded damages in the sum of $559.84, representing the sum expended by her for light fixtures, papering, painting, plumbing and carpentering.

The defendants contend that the findings and judgment are not supported because the fact that the hotel business was conducted at a loss might have been due to the change in management and policy, and the partial interruption of the business by the repairing and refinishing, pursued by the plaintiff in reliance merely on the expression of the opinion of the defendants not amounting to a representation of a material fact. If the only representation made by the defendants related to the possible future earnings under the change of policy suggested by them, precedent could be found to support the contention. But here there was a representation as to a material fact, viz., that while the defendants conducted the business it produced a net income of $250 to $300 a month. There is sufficient evidence to support the trial court's finding that the representations in that respect were false, were known by the defendants to be false, and were made by them for the purpose of deceiving the plaintiff and inducing her to purchase the hotel business and expend moneys thereon, and that the plaintiff relied thereon to her damage. In such a case the plaintiff is entitled to recover. (*Nisson* v. *Hood*, 140 Cal. 224 [73 Pac. 981]; *Del Vecchio* v. *Savelli*, 10 Cal. App. 79 [101 Pac. 32]; 25 Cal. Jur. 557, 558.)

The judgment is affirmed.

Langdon, J., Preston, J., Curtis, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.