[Civ. No. 2643. Fourth Dist.—April 28, 1941.]

A. W. HJORTH et al., Respondents, v. SAM BERNSTEIN, Appellant.

Abe Richman for Appellant.

Hansen & Cope for Respondents.

CONWAY, J., *pro tem.*—Plaintiffs commenced an action against defendants for rescission of a contract for the purchase of an oil royalty upon the ground of fraud, and in a second count of the complaint alleged a cause of action upon the common count of money had and received. No demurrers were filed and after issue was joined the case proceeded to trial. The court, sitting without a jury, rendered judgment in favor of all of the defendants upon the cause of action based upon the theory of rescission of the contract, and gave plaintiffs judgment for $1553.71 against the defendant Sam Bernstein under the second count of the complaint for money had and received.

The material facts are as follows: Robert Lison and Helen Allen Lison are husband and wife, and she was the owner of a 1 per cent royalty interest in the production of four oil wells in Los Angeles County. Appellant Bernstein, who it was admitted was not the agent of either of the Lisons, in order to induce plaintiffs to purchase said royalty, fraudulently represented to them that said interest had theretofore produced an income of not less than $134 per month and that the month immediately preceding the making of the contract the 1 per cent royalty had produced a sum in excess of $134 and which, under the contract, plaintiffs were entitled to receive as a part of the deal. Plaintiffs made no independent investigation and purchased the royalty solely upon said false representations. Neither of the Lisons made any false repre-

sentations of any character and were entirely innocent of the fraud perpetrated by Bernstein. Plaintiffs paid the sum of $3,000 for the royalty interest and their first check representing the said royalty interest from the sales amounted only to $47.22, and thereafter they received no checks which were in excess of $42.50 per month.

Upon discovery of the fraud perpetrated by Bernstein plaintiffs tendered the royalty interest which they had received, and demanded a return of the purchase price in order to place the parties *in status quo*. Upon refusal to return the purchase price a trial followed, and the court decided it would be inequitable to declare a rescission of the contract as against the Lisons, who were in no way tainted by or responsible for Bernstein's fraudulent representations. A rescission would have been equally ineffective against Bernstein who was not and never had been the owner of the royalty. Therefore, the court gave judgment for damages sustained by the plaintiffs and found that the reasonable value of the interest sold was not in excess of $1300. From the difference of $1700, the purchase price being $3,000, the court set off the royalties received by plaintiffs and gave judgment for the balance. Inasmuch as the court denied rescission but gave judgment for damages upon the contract, the miscalculation as to the amount injured plaintiffs only, as it seems clear that plaintiffs were entitled to retain all of the royalties under the contract. Obviously, the error was in favor of the appellant and he is in no position to complain because the damages were not larger.

Appellant does not attack the findings of the trial court to the effect that the contract was induced by the fraudulent misrepresentation. Under the caption of questions involved he states that his principal contentions are, first, that the complaint does not state a cause of action and, second, that plaintiffs are barred from recovery by the application of the doctrine of election of remedies. We shall consider these questions in the order in which they are presented. He claims that the complaint is fatally defective because there is not any specific allegation that the plaintiffs have been damaged in any respect by the fraudulent representations. The complaint, after alleging the misrepresentations made by appellant, sets forth that said royalty assignment had not, for many months prior to the date of the contract, ever produced

a revenue of $134 per month, and that the first royalty check received by plaintiffs was in the sum of $47.22 and that the royalty checks thereafter received by plaintiffs never exceeded $42.50. We have looked over the transcript and find that all of plaintiffs' testimony showing the falsity of appellant's representations and showing the reasonable value of the royalty sold was admitted without objection, and the record is replete with testimony which was introduced without objection showing the damages which occurred to plaintiffs by reason of the misrepresentations. We feel that the complaint in its entirety was sufficient to meet the requirements of section 426 of the Code of Civil Procedure. No demurrer was interposed for ambiguity or uncertainty, and when the evidence was offered for the purpose of showing damages it was received without objection. He cites the case of *Bailey* v. *Fox*, 78 Cal. 389 [20 Pac. 868], in support of his first contention. In that case, there was no evidence offered or admitted to show that there were any damages which flowed from the false representations, and the court specifically states ''The findings make no better case for the plaintiff than the complaint''. In the case at bar, the findings of fact specifically show the damages which plaintiffs have suffered by reason of the false representations. We reviewed the cases cited by appellant and find that none of them presents facts analogous to the case at bar. We are of the opinion that the complaint sets forth sufficient ultimate facts to show the actual damages which plaintiffs have suffered under the contract and, under the circumstances of this particular case, the appellant may not permit the evidence as to damages to be introduced at the trial without objection and then take advantage of the alleged failure specifically to allege damages for the first time on appeal.

Appellant contends, secondly, that the law is well settled that a person claiming to be defrauded by false representations has a choice of two inconsistent remedies, to wit, he may elect to rescind the contract; or, to affirm it and claim damages. He cannot do both. We quite agree with appellant in this connection. However, it is well settled in California that the right to damages exists in cases of this character unless and until the transaction is effectually disaffirmed.

It is, of course, inconsistent for the party defrauded to rely upon the contract and seek damages thereon for fraud,

and in the event that he is prevented from recovery to thereafter file an action for rescission. But, in this case, an action for rescission was denied for the reason that the court deemed the same inequitable for the reason that the Lisons, who owned the oil royalty, had never participated in the fraud and for the further reason that appellant Bernstein, who had committed the fraud, was not an agent of the Lisons. Rescission, therefore, would have been ineffectual. In the case of *Bancroft* v. *Woodward,* 183 Cal. 99 [190 Pac. 445], the court had before it a case which clearly enunciates the law with reference to the cases of the character here under consideration. In that action the defendant Woodward, who was sued for rent, set up by way of counterclaim fraud and alleged damages in a considerable amount. He also filed a cross-complaint at the same time, in which he sought a rescission of the lease, relying upon the identical fraud set forth in the counterclaim. The court said:

"While it is true that a party induced to enter into a transaction by fraud, affirms the transaction when he brings an action for damages and because of the affirmance loses any right to disaffirm subsequently (*Stuart* v. *Hayden,* 169 U. S. 1 [42 L. Ed. 639, 18 Sup. Ct. Rep. 274, see, also, Rose's U. S. Notes]), it is not true that if he seeks to disaffirm, but ineffectually, he loses the right thereafter to maintain an action for damages. The right to damages exists unless and until the transaction is effectually disaffirmed. It could hardly be questioned, for example, that under a complaint which, by proper and sufficient averments set out that the plaintiff had been induced by fraud to enter into a contract and had endeavored to rescind it because of such fraud, and prayed relief upon the basis of a rescission, the plaintiff might be accorded damages in case the fraud were found but under such circumstances that the right of rescission did not exist. To put the matter in another way, it is wholly inconsistent for a party defrauded to ask for damages first and a rescission if he cannot have them. But there is nothing inconsistent in his asking for rescission first and damages if he cannot have it. The defendant here by his counterclaim and cross-complaint filed at the same time has gone no further than to say that he is entitled either to damages or to rescission, and that if he cannot have the latter he asks the former. There is nothing in this that constitutes an affirmance so that his right to

rescission is gone. Upon this point the case comes directly within the rulings of *Glover* v. *Radford,* 120 Mich. 542 [79 N. W. 803], and *Richardson* v. *Lowe,* 149 Fed. 625 [79 C. C. A. 317]."

In view of the rule of law enunciated in the Woodward case, we are of the opinion that the complaint and the evidence submitted without objection definitely entitles the plaintiffs to recover against appellant Bernstein for damages for the fraud perpetrated by him. In this connection it may be noted that the record shows that no request was made by appellant that plaintiffs be required to elect at the time of trial. No question was raised as to either of the matters complained of on appeal, so far as we can ascertain from the record, until the matter was brought before us on appeal.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.