[Civ. No. 21753.   Second Dist., Div. One.   June 18, 1956.]

O. G. CARTER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SAM GREENWOOD, Real Party in Interest.

352

Eugene S. Ives for Petitioner.

Harold W. Kennedy, County Counsel, and Thomas Carver, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner is the defendant in an action to recover damages for an alleged assault and battery, commenced by one Greenwood, the real party in interest.[1]

[1]The respondent court has made a return and filed a brief in this matter, but the real party in interest has made no appearance.

The relevant facts established by the record before us are:

Petitioner is the owner and manager of a restaurant in the city of Long Beach. In August of 1955, Greenwood was in petitioner's employ as a dishwasher, and while he was engaged in the performance of his duties petitioner assaulted him. This assault occurred on the 27th of August, 1955.

On September 13, 1955, Greenwood filed with the Industrial Accident Commission an application for hearing by which he sought compensation pursuant to the provisions of division 4 of the Labor Code (workmen's compensation and insurance) for the injuries sustained in the assault. In this application Plantation Room, the fictitious name under which petitioner was engaged in business, was named as the employer; the New Amsterdam Casualty Company was named as petitioner's compensation insurance carrier, and it was alleged that the assault was committed by Greenwood's foreman, who was not identified by name.

On December 22, 1955, Greenwood on the one hand, and petitioner and his compensation insurance carrier on the other, entered into an agreement of compromise and release on a form supplied by the Industrial Accident Commission, and which conformed to section 5003 of the Labor Code. By the terms of this agreement the parties agreed "to settle any and all claims on account of" the injuries sustained by the plaintiff in the above-mentioned assault in consideration of the payment to Greenwood of the sum of $850. Greenwood further agreed that said agreement, upon being approved by the Industrial Accident Commission and payment being made, should constitute a release and discharge of all claims and causes of action which might arise out of his injuries.

After the filing of the agreement with the Industrial Accident Commission it, pursuant to the provisions of section 5002 of the Labor Code, approved the agreement and made its award in accordance with the terms thereof. By this award it ordered that of the sum of $850, $100 be paid to the applicant's attorney; $58 to one Ealey, a lien claimant; $69.43 to the State of California, Department of Employment, Division of Disability and Hospital Benefits; certain amounts to the city of Long Beach and to doctors who had rendered services to Greenwood for his injuries, and the balance $490.07, to Greenwood. Payments were made by petitioner's insurance carrier in accordance with the award and the award is final, subject only to the continuing jurisdiction of the commission pursuant to section 5803 of the Labor Code.

On November 21, 1955, Greenwood commenced an action in the respondent court against petitioner to recover damages both compensatory and punitive, the cause of action being based upon the same assault and upon the same injuries as was his application for compensation filed with the Industrial Accident Commission. To this complaint petitioner filed an answer in which, as a third separate defense, he pleaded the fact that Greenwood had filed the claim above mentioned before the Industrial Accident Commission and that that claim had been determined by the commission by approval of the settlement agreement; that the Industrial Accident Commission had assumed jurisdiction, and by so doing had deprived the superior court of jurisdiction.

Upon motion of Greenwood, respondent court struck this defense from petitioner's answer upon the ground that it was sham and irrelevant. The superior court will, unless restrained by this court, proceed to try the subject action.

Petitioner here seeks a writ of prohibition commanding the respondent court to desist from further proceedings in this action. In the alternative, he seeks a writ of mandate to compel the respondent court to set aside its order striking petitioner's third separate defense from his answer, and to reinstate said defense.

It is now settled in this state that an employee who sustains an injury which is intentionally inflicted by his employer is not relegated to a claim for compensation before the Industrial Accident Commission, but may treat his injury as not having arisen out of and in the course of his employment; and he may, therefore, maintain an action at law to recover damages both compensatory and exemplary. (*Conway* v. *Globin*, 105 Cal.App.2d 495 [233 P.2d 612].) We do not understand petitioner to assert that Greenwood might not have commenced and maintained this action in the superior court, but rather as asserting that Greenwood could elect either to maintain an action at law or to seek workmen's compensation, and that having invoked the jurisdiction of the Industrial Accident Commission and prosecuted his claim there to final judgment, he cannot maintain the subject action in the respondent court.

In *Conway* v. *Globin*, *supra*, at page 497, Mr. Justice Peek, speaking for the court, said in part: ". . . the weight of authority is that 'where an employer inflicts the intentional injury upon his employee, the injured person may sue at common law for damages *or* accept benefits under Workmen's

Compensation Law. . . .' " [emphasis added], and in support of this he cites numerous decisions from other jurisdictions. This statement was, however, clearly dictum, inasmuch as in the case before the court the plaintiff had not, nor had the defendant, his employer, commenced any proceedings before the Industrial Accident Commission, and the question as to whether or not the plaintiff had a choice of remedies was not involved or in anywise before the court for decision. An examination of the cases cited by the court, and which are relied upon by petitioner here, shows that in each of them in which the rule quoted by the cited case is announced, the statement was dictum, inasmuch as in none of them was the question of whether the plaintiff had a choice of remedies either involved or necessary to the decision.

It seems to us, however, that an employee who during the course of his employment sustains an injury which is intentionally inflicted on him by his employer, does have a choice of remedies. He may assert that the injury occurred by reason of a risk or condition incident to the employment, and seek compensation before the Industrial Accident Commission; or he may assert that his injury did not arise out of a risk or condition incident to his employment, and seek damages in an action at law. In neither case would it lie in the mouth of his employer, who had intentionally inflicted the injury, to assert the contrary of that which is asserted by the employee.

This does not mean, however, that the employee may pursue both remedies and recover both compensation and damages; for if he establishes that the injury occurred by reason of a risk or condition incident to the employment, then only the Industrial Accident Commission has jurisdiction to grant him relief, while if he establishes that it did not arise out of such a risk or condition, then only the courts have jurisdiction to award him relief (Lab. Code, § 3600; *Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76 [293 P.2d 18]).

Plaintiff having had a choice of remedies he, by pursuing his remedy before the Industrial Accident Commission to judgment and accepting the fruits of that judgment, made a binding election of a remedy and precluded himself from prosecuting the subject action in the respondent court (18 Am.Jur., § 20).

We do not wish to be understood as holding that the mere filing of a claim for compensation with the Industrial Accident Commission would bar the subsequent filing of an

action at law for damages, or that the mere filing of an action at law for damages would preclude the subsequent filing of a claim for compensation. Undoubtedly an injured employee who is in doubt as to whether his cause of action is one for compensation or one for damages, and therefore in doubt as to which tribunal—that is, the Industrial Accident Commission on the one hand or the courts on the other—has jurisdiction of his cause of action, may submit this question to either tribunal. If the tribunal to which he submits it holds that it does not have jurisdiction, then he is free to proceed before the other tribunal; but if it rules that it does have jurisdiction, then it and it only can proceed (*Scott* v. *Industrial Acc. Com., supra*), and there is nothing to preclude the filing of a claim before a second tribunal while the question of jurisdiction yet remains undetermined in the tribunal whose jurisdiction is first invoked and which alone has the right to proceed (*Scott* v. *Industrial Acc. Com., supra*).

The facts pleaded in the defense stricken by the respondent court were sufficient to have permitted petitioner to have proved this election of remedies as a bar to the action.

There is another reason why the facts pleaded in the stricken defense constituted a meritorious defense to the action. The question of whether or not an injury is one which arises out of the employment, and is therefore one which is within the exclusive jurisdiction of the Industrial Accident Commission, is a question of fact. Greenwood, by filing his application with the commission and by requesting the commission to approve the agreement for compromise and release and to enter its award thereon, submitted this question of fact to the commission. In acting upon the application and approving the agreement for compromise and release, the commission impliedly and necessarily found that the injury did arise out of the employment, for otherwise it could not have found that it had jurisdiction to make its award (*Aetna Life Ins. Co.* v. *Industrial Acc. Com.*, 38 Cal. 2d 599, 602-604 [241 P.2d 530] ; *Silva* v. *Industrial Acc. Com.*, 68 Cal.App. 510, 515 [229 P. 870] ; Lab. Code, §§ 5000-5002). Its award was therefore an adjudication of the fact that the injury occurred by a risk or condition incident to Greenwood's employment and that the injury was one falling within the exclusive jurisdiction of the commission; and being final, it is res judicata of that fact, and if proven at the trial of the action would preclude the respondent court from further exercising jurisdiction in the subject action (*Scott* v.

*Industrial Acc. Com., supra,* p. 89; *Williams* v. *Southern Pac. Co.,* 54 Cal.App. 571, 580 [202 P. 356]).

The facts pleaded in the defense stricken were sufficient to have permitted petitioner to prove the proceedings before the commission and its award as res judicata in the subject action, and the court was clearly in error in striking petitioner's third separate defense from its answer.

This brings us to the question as to whether petitioner is entitled to either a writ of prohibition or a writ of mandate. Petitioner interprets the decision of the Supreme Court in *Scott* v. *Industrial Acc. Com., supra,* as holding that a writ of prohibition is the proper remedy under facts such as those involved here.

We do not believe that the language used by the Supreme Court in the cited case is subject to that interpretation.

In the cited case the plaintiff had first commenced an action for damages in the superior court. Thereafter, the defendant, his employer, filed an application, as it was entitled to do, before the Industrial Accident Commission. Both the court and the commission denied motions which would have held the proceedings before them in abeyance until the other tribunal had determined the question of jurisdiction. The plaintiff employee then sought prohibition to compel the Industrial Accident Commission to hold the proceedings there in abeyance until the question of jurisdiction had been determined by the superior court. At the time the petition for the writ of prohibition was filed, and at the time the Supreme Court rendered its decision, there had not been a final determination of the question of jurisdiction in the superior court action. The Supreme Court held that the superior court and the commission had concurrent jurisdiction to determine jurisdiction; that jurisdiction once having been determined, it would be exclusive and not concurrent, and that the decision of either tribunal as to jurisdiction would be res judicata in all subsequent proceedings in the other tribunal. It further held that the tribunal whose jurisdiction was first invoked retained that jurisdiction to the exclusion of the other for the purpose of determining the question of jurisdiction; and that the second tribunal might be restrained from proceeding *until* the question of jurisdiction had been finally determined by the tribunal whose jurisdiction was first invoked. The court in the cited case did not have the question before it of a defense of election of remedies or of res judicata, and upon that ground distinguished the case of *Goodman Bros.* v. *Supe-*

*rior Court,* 51 Cal.App.2d 297 [124 P.2d 644], saying "We do not here have . . . a question of res judicata; we have only the question as to whether the tribunal whose jurisdiction was subsequently invoked shall be barred from proceeding *before final determination of the controlling jurisdictional question by the tribunal which first took jurisdiction."* [Emphasis added.]

The Supreme Court did not by its opinion in *Scott* v. *Industrial Acc. Com.* overrule the decision of the District Court of Appeal in *Goodman Bros.* v. *Superior Court, supra.* That case is practically upon all fours with the case at bar. In *Goodman Bros.* v. *Superior Court* an employee had received an injury arising out of his employment. He filed an application with the Industrial Accident Commission, naming Goodman Bros. as his employer and a casualty company as its compensation insurance carrier. He also alleged that there was a controversy as to whether the employer was in fact insured and as to whether a penalty should be imposed against the employer for being willfully uninsured. The commission made its finding and award and found that Goodman Bros. was insured at the time of the accident and made an award in favor of the employee as against the insurance carrier. Thereafter, the employee commenced an action against Goodman Bros. in the superior court to recover damages, alleging that it was uninsured for compensation and that therefore he had a right under section 3707 of the Labor Code to prosecute the action. Goodman Bros. then sought a writ of prohibition from the District Court of Appeal, but that court held that while the prior final decision of the commission that Goodman Bros. was insured was res judicata in the superior court action, it did not deprive the superior court of jurisdiction, but constituted a defense to the action which if affirmatively pleaded and proved must be found on by that court. It therefore denied the writ sought.

In the case at bar, whether the facts shown by the petition as to the proceedings before the Industrial Accident Commission constitute the defense of an election of remedies, or the defense of res judicata,[2] either defense must be affirmatively pleaded and proved (*Goodman Bros.* v. *Superior Court,*

---

[2] As a practical matter there is little difference between the two defenses, as both constitute merely an application of equitable estoppel (*Kemp* v. *Enemark,* 194 Cal. 748 [230 P. 441]; *Roullard* v. *Rosenberg Bros. & Co.,* 193 Cal. 360 [224 P. 449]; *Horton* v. *Goodenough,* 184 Cal. 451 [194 P. 34]; *Koehler* v. *Holt Manufacturing Co.,* 146 Cal. 335 [80 P. 73]; *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892]).

*supra*; *Karapetian* v. *Carolan*, 83 Cal.App.2d 344, 346 [188 P.2d 809, 1 A.L.R.2d 1075]), and the plaintiff would be entitled to avoid the defense by proof of facts constituting a waiver of it or which would estop the defendant from asserting it. We must, therefore, hold petitioner is not entitled to a writ of prohibition.

We believe, however, that petitioner is entitled to a writ of mandate to compel the respondent court to entertain the defense which, by its order, it has stricken. As we have pointed out, the facts pleaded, if proven, constitute an absolute defense to the action, unless plaintiff proves facts which would estop petitioner from asserting the defense pleaded or establish a waiver of it. Inasmuch as either defense falling within the facts pleaded must be pleaded in order to be proved, the action is now in a state where the petitioner cannot assert his defense by proving the proceedings before the Industrial Accident Commission.

These defenses are such that it would be an abuse of discretion by the trial court to deny a motion on behalf of the petitioner, pursuant to section 597 of the Code of Civil Procedure, to first try the issue tendered by the defense.

Ordinarily, a writ of mandate will not lie to correct an error committed by another court, but here it is clear that the trial court did err in striking petitioner's third separate defense; and it is further clear that petitioner will not, under the present state of the proceedings, be able to assert his defenses, and that the court's error, if judgment were rendered in favor of the plaintiff, would necessarily result in reversal upon an appeal.

The parties to an action have the right to having all of the issues in that action tried at one time rather than piecemeal. Here the defendant has the right to, at the trial of this action, assert his meritorious defenses. He has no appeal from the order striking his third separate defense from his answer, and while the court's error could be reviewed upon appeal from an adverse judgment, this remedy is neither speedy nor adequate; for as we have pointed out, the defense stricken, if sustained by the proof, would terminate the action without any trial of the issues tendered by the complaint; while if he is prevented from making his defense he will have to go through with the trial of the action and then appeal and then go back for a further trial to have his defense, which now exists, determined. The trial court has not determined that defense upon its merits. Its error is one of law.

We believe that this case falls within the rules laid down in *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 770 [197 P.2d 739]; *Nelson* v. *Superior Court,* 97 Cal.App.2d 78 [217 P.2d 119]; and *Marr* v. *Superior Court,* 30 Cal.App.2d 275 [86 P.2d 141].

Let a peremptory writ of mandate issue, requiring the respondent court to reinstate petitioner's third separate defense set forth in his amended answer filed in action number LBC 21905 in the respondent court.

White, P. J., and Fourt, J., concurred.