[Civ. No. 15700. First Dist., Div. Two. Feb. 26, 1954.]

ANNA MACKENZIE, Respondent, v. WILLIAM VOELKER et al., Appellants.

Louis T. Kruger for Appellants.

Lloyd Macomber for Respondent.

NOURSE, P. J.—This is an appeal from a judgment in favor of plaintiff and respondent Anna Mackenzie, in the sum of $3,250 and interest from May 6, 1950, and against defendants William and Ella Voelker, brother and sister-in-law of plaintiff.

Anna Voelker, mother of Anna Voelker Mackenzie, respondent, William Voelker, appellant, Bernard Voelker, and Marie Voelker Scheger who died on March 20, 1950, had executed a deed of gift of the family home in Daly City, California, on December 2, 1938, to her four children, giving each an undivided one-fourth interest.

Following the death of their mother, the four children held a number of conferences respecting the purchase of the home by the oldest brother, William. On May 6, 1950, Bernard Voelker, Marie Scheger and Anna Mackenzie together executed their deed conveying in joint tenancy their respective interests in the property to their brother William and Ella Voelker, his wife. They had orally agreed upon a valuation of $13,000 for the property and William was to pay $3,250 to each for his or her share. Anna Mackenzie testified that her brother Bernard was paid in full, and her sister Marie had been paid $3,000. William agreed to secure a loan on the property from the bank in order to pay off the amount promised his brother and sisters.

Following the execution of the deed several meetings of the family were held. There was a great conflict in the testimony as to what was said at these conferences. William Voelker claimed that he found records showing that Mrs. Mackenzie and her husband owed a sum of $2,700 to the deceased mother, and he insisted on an accounting from the Mackenzies showing how much of this sum had not been repaid the mother, before he would pay his sister her share of $3,250. Mrs. Mackenzie and her husband insisted that this money had not been a loan, but a gift to them. Mrs. Mackenzie said her mother wanted her to use it to buy a home.

It was stipulated that William Voelker had an incumbrance of $6,500 put on the property prior to June 14, 1950, and after he received the deed from the other members of the family.

On June 14, 1950, Anna Mackenzie filed a complaint in two counts based on the alleged fraud of defendants William and his wife. The first count asks for rescission; the second for a money judgment for $3,250. The first count alleges that plaintiff served upon defendants a written notice of rescission together with a demand that they execute a deed reconveying said real property to plaintiff. The answer denies generally the allegations of the two counts, and pleads affirmatively the reconveyance of the property to plaintiff on November 13, 1950, by good and sufficient deed of a one-fourth interest in the property involved herein. The second affirmative defense pleads that plaintiff agreed to deduct from the sum to be paid to her the total sum of all loans advanced to her and her husband by the deceased mother.

The deed from William Voelker to Anna Mackenzie was

mailed to counsel for plaintiff, was received by him and then mailed back to defendants' counsel. Counsel for plaintiff notified the attorney for defendants that plaintiff refused to accept the deed, and defendants' counsel thereupon gave notice that he accepted it for custodial purposes only. On December 8, 1950, an order was made by the superior court pursuant to defendants' motion, that the deed be deposited with the clerk of court pending trial and final disposition of the action.

On March 7, 1951, plaintiff filed a dismissal with prejudice of the rescission count of the complaint pursuant to section 581, subdivision 5, Code of Civil Procedure.

At the trial the court refused to go into the matter of the $2,700 which defendants claimed was owing from plaintiff to the deceased mother, having learned that defendant William had qualified as administrator of the mother's estate and had filed an action in the municipal court against Anna Mackenzie for that sum. In awarding the judgment for $3,250, the court ordered a stay of execution until 10 days after the determination of the municipal court case.

The court made findings of fact reciting that the case had gone to trial on the second count of the complaint only, the first count having been abandoned and dismissed previously by a written dismissal and instructions to the clerk of court on March 7, 1951. Appellants do not attack the findings on the second count as unsupported by the evidence, but contend that respondent cannot urge that count at all, having previously given notice of rescission, and request for rescission having been accepted by defendants.

Appellants in their opening brief argue only the point that a rescission was accomplished by the tender of the deed of a one-fourth interest in the property, that the contract was thereby extinguished, leaving nothing on which to base a claim for damages.

Under section 581, subdivision 5, plaintiff had the right to dismiss this cause of action prior to trial by filing a notice of dismissal with the county clerk. And no affirmative relief appears to have been demanded by the answer. (See *Riley* v. *Superior Court,* 111 Cal.App.2d 365, 366 [244 P.2d 474]; *Nickola* v. *Superior Court,* 111 Cal.App.2d 620, 622 [245 P.2d 20].)

The trial court found that the first cause of action had been duly dismissed, and therefore no findings were made on the issue of rescission. ██ This finding was in accord

with the rule that if the complaint is considered as asking for two alternative remedies, plaintiff could not be held to have been committed to an affirmance or disaffirmance of the contract by so pleading. It was held in *Tanforan* v. *Tanforan*, 173 Cal. 270, 273 [159 P. 709], that it is proper practice to ask for inconsistent remedies, and when all the evidence is in, it is then for the court to say to which remedy plaintiff is entitled. In accord is *Karapetian* v. *Carolan*, 83 Cal.App.2d 344 [188 P.2d 809, 1 A.L.R.2d 1075], where it was held that a notice of rescission is not irrevocable until everything has been restored to plaintiff with which he parted.

The evidence herein, that appellant placed a mortgage on the realty up to half its value shortly after securing title, is certainly evidence that the deed tendering plaintiff a one-quarter interest therein is not an offer to restore to her the same value with which she parted, because the offer was to restore to her a property value of one-half only of that which she was entitled to receive.

The case as a whole is simple and needs no elaboration. The defendant agreed to pay plaintiff $3,250 for her one-quarter share of the realty. He took her deed to her share, placed a mortgage on the whole for his own benefit and retains possession without paying plaintiff anything. During the trial the court asked the witness (defendant): "Well, then she is entitled to $3,250.00? A. Yes."

Judgment affirmed.

Dooling, J., concurred.