[No. E038354. Fourth Dist., Div. Two. May 16, 2006.]

JEANNE RUTHANN AKIN, Plaintiff and Appellant, v.
CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Defendant and
Respondent.

**COUNSEL**

Shernoff Bidart Darras, William M. Shernoff, Evangeline F. Garris and Joel A. Cohen for Plaintiff and Appellant.

LeBoeuf, Lamb, Greene & MacRae, Dean Hansell and Jared M. Katz for Defendant and Respondent.

**OPINION**

**GAUT, J.—**

### 1. Introduction

Plaintiff Jeanne Ruthann Akin filed a complaint for improper rescission against defendant Certain Underwriters at Lloyd's London after defendant denied her homeowner's insurance claims and rescinded her policies. The trial court sustained defendant's demurrer on the grounds that contract damages were not available in a rescission action and plaintiff's claim was barred by the one-year limitations period provided in the contract. On appeal, plaintiff argues that she was entitled to seek damages under Civil Code section 1692.[1] Plaintiff also argues that her claim of improper rescission was not barred by the one-year limitations period.

We conclude the trial court properly granted the demurrer because plaintiff cannot recover damages under the policies in an action for rescission under section 1692. We also conclude that plaintiff's claim was barred under the contractual one-year limitations period. We affirm the judgment.

### 2. Factual and Procedural History

Plaintiff had two homeowner's insurance policies with Certain Underwriters at Lloyd's London.

On March 4, 2004, plaintiff filed her original complaint alleging a breach of contract, breach of the duty of good faith and fair dealing, and professional negligence. She claimed that water leaks caused damage to her home on two separate occasions on March 31, 1999, and August 15, 2000. Plaintiff submitted insurance claims to defendant, which denied her claim and rescinded her policies on March 8, 2002.

Defendant demurred to plaintiff's complaint on various grounds, including that the action was time-barred under the limitations period set forth in the contract. One of the policies provides: "No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss of damage." The trial court sustained defendant's demurrer with leave to amend.

---

[1] All further statutory references will be to the Civil Code unless otherwise stated.

On August 12, 2004, plaintiff filed her first amended complaint based on the same causes of action. In her complaint, plaintiff stated that the action to enforce the contract following a rescission was not barred by the contractual limitations period. The court rejected plaintiff's argument and again sustained defendant's demurrer. While the court granted plaintiff leave to amend, it prohibited plaintiff from reasserting her original claims.

On December 29, 2004, in accordance with the court's order, plaintiff filed her second amended complaint with a single cause of action for improper rescission under section 1692. Plaintiff alleged that defendant inappropriately denied her insurance claims and rescinded her policies. Plaintiff sought damages for delayed payment and nonpayment of benefits under the policies, exposure to unnecessary health risks, other related losses, mental and emotional distress, and punitive damages.

Defendant filed a demurrer to plaintiff's second amended complaint. Defendant argued that, because plaintiff sought damages under the policies, her action was barred by the contractual limitations period provided. Defendant also argued that plaintiff could not seek contract damages based on a rescinded contract. Instead, rescission damages are limited to the damages that would restore plaintiff to her former position had she not entered into the contract.

The trial court sustained defendant's demurrer without leave to amend. The court entered judgment dismissing plaintiff's second amended complaint.

### 3. Standard of Review

A trial court's decision to sustain a demurrer without leave to amend is reviewed de novo. (*Coleman v. Republic Indemnity Ins. Co.* (2005) 132 Cal.App.4th 403, 408 [33 Cal.Rptr.3d 744].) In reviewing the court's decision, we assume the truth of all facts that have been pled properly and consider documents that have been judicially noticed. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].) We give the complaint a reasonable interpretation and determine whether it states facts sufficient to constitute a cause of action under any legal theory. (*Ibid.*; *Brunius v. Parrish* (2005) 132 Cal.App.4th 838, 849 [34 Cal.Rptr.3d 55].)

### 4. Improper Rescission

Plaintiff claims that the trial court erred in sustaining the demurrer because she stated a sufficient cause of action for improper rescission and damages under section 1692.

■ As argued by defendant and as discussed below, plaintiff's claim is nothing more than a claim for breach of contract disguised as an action for rescission. Despite plaintiff's reliance on section 1692, her complaint does not state a claim for rescission. Although a plaintiff generally is entitled to damages under section 1692, the remedy intended by the statute is rescission damages, i.e., damages that would restore the plaintiff to the position that she would have been in if had she not entered the contract. The items of damages sought by plaintiff in this case are not recoverable in an action under section 1692. When properly construed, plaintiff's complaint is nothing more than a complaint for breach of contract and, as such, is barred by the contractual limitations period.

■ When one party has been injured by a breach of contract and she either lacks the ability or the desire to keep the contract alive, she can choose between two different remedies. (*Alder v. Drudis* (1947) 30 Cal.2d 372, 381–382 [182 P.2d 195].) She can treat the contract as rescinded and recover damages resulting from the rescission. Or she can treat the contract as repudiated by the other party and recover damages to which she would have been entitled had the other party not breached the contract or prevented her performance. (*Ibid.*) An action for rescission is based on the disaffirmance of the contract and an action for damages for breach of contract is based on its affirmance. (*Cook v. Superior Court* (1966) 240 Cal.App.2d 880, 886–887 [50 Cal.Rptr. 81], citing *Davis v. Rite-Lite Sales Co.* (1937) 8 Cal.2d 675, 678–679 [67 P.2d 1039].) An action for rescission and an action for breach of contract are alternative remedies. The election of one bars recovery under the other. (*B. C. Richter Contracting Co. v. Continental Cas. Co.* (1964) 230 Cal.App.2d 491, 499 [41 Cal.Rptr. 98], citing *Alder, supra*, at p. 383.)

In her original and first amended complaints, plaintiff sued defendant for breach of contract and other related claims. In her second amended complaint, plaintiff sued for "improper rescission" under section 1692. Plaintiff alleged that defendant improperly rescinded the contract, thereby entitling her to relief. She specifically alleged that defendant "breached the terms and provisions of the insurance policies by failing and refusing to timely pay benefits under the policies and improperly rescinding the policies." Based on defendant's breach, plaintiff sought damages for the delayed payment and nonpayment of benefits under the policies, exposure to unnecessary health risks, other related losses, mental and emotional distress, and punitive damages.

Based on her allegations, plaintiff essentially reasserted her claim for breach of contract under a different name. Of course, "[t]he terminology employed by the parties is not controlling." (*Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.* (1981) 121 Cal.App.3d 447, 461–462, fn. 11 [176 Cal.Rptr. 546].) Because plaintiff seeks to retain the benefits of the contract (i.e., payment of benefits under the policies), we can construe her complaint as asserting an election to affirm the contract. (*Le Clercq v. Michael* (1948) 88 Cal.App.2d 700, 703 [199 P.2d 343].) And, as discussed below, an action based on the affirmance of the contract is barred under the contractual limitations period.

Despite plaintiff's reliance on section 1692, her claim does not fall within that statute. Section 1692 states: "When a contract has been rescinded in whole or in part, any party to the contract may seek relief based upon such rescission by (a) bringing an action to recover any money or thing owing to him by any other party to the contract as a consequence of such rescission or for any other relief to which he may be entitled under the circumstances or (b) asserting such rescission by way of defense or cross-complaint. [¶] . . . [¶] A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery. . . ."

Section 1692 authorizes a claim "based upon . . . rescission" or the disaffirmance of the contract. The statute does not authorize a claim based upon the affirmance of the contract. Furthermore, while the statute entitles the aggrieved party to complete relief (see also *Millar v. James* (1967) 254 Cal.App.2d 530, 533 [62 Cal.Rptr. 335]), it specifically precludes the party from receiving inconsistent items of recovery (see *Paularena v. Superior Court of San Diego County* (1965) 231 Cal.App.2d 906, 915 [42 Cal.Rptr. 366]). "The remedy based upon the existence of the contract to purchase is inconsistent with the remedy based upon its nonexistence. [Citations.] Damages may not be recovered on the theory that the contract exists and additionally on the theory that the contract is at an end. [Citation.]" (*Paularena, supra*, at p. 915.) Even if the party seeks inconsistent remedies, it is the court ultimately who determines to which she is entitled. (*Mackenzie v. Voelker* (1954) 123 Cal.App.2d 538, 541 [266 P.2d 867].) In this case, plaintiff cannot recover damages under section 1692 for a claim based upon the affirmance of the contract.

Plaintiff misconstrues the statutory language to mean that "complete relief" also includes damages for breach of contract. Although section 1692 allows the aggrieved party to recover "consequential damages," the statute refers to the damages that would restore the parties to their original positions. Indeed, the very purpose of rescission is to restore the parties to the positions they would have been in had they not entered the contract. (*Runyan v. Pacific Air Industries, Inc.* (1970) 2 Cal.3d 304, 316 [85 Cal.Rptr. 138, 466 P.2d 682] [plaintiff sought damages to recover income that he would have earned absent the contract].) "The award given in an action for damages compensates the party not in default for the loss of his 'expectational interest'—the benefit of his bargain which full performance would have brought. [Citation.] Relief given in rescission cases—restitution and in some cases consequential damages—puts the rescinding party in the *status quo ante*, returning him to his economic position before he entered the contract." (*Id.* at p. 316, fn. 15.)

■ In the context of an insurance case, an action for damages for breach of contract may entitle the aggrieved party to payment of benefits under the policies. But an action for rescission only permits the aggrieved party to the return of his premiums and whatever else may be required to restore the parties to the status quo ante. (See *Imperial Casualty & Indemnity Co. v. Sogomonian* (1988) 198 Cal.App.3d 169, 184 [243 Cal.Rptr. 639].) In an action for rescission, the parties are treated as though the policy of insurance never existed. (*Ibid.*)

Plaintiff attempts to distinguish the *Sogomonian* case, which involved a judicial rescission, as opposed to a unilateral rescission. This distinction, however, concerns the grounds for rescinding the contract and the method of effectuating and enforcing the rescission. (See *Runyan v. Pacific Air Industries, Inc., supra*, 2 Cal.3d at pp. 311–312.) The distinction between judicial and unilateral rescission has no effect on the general conclusion by the court in *Sogomonian* that a rescission extinguishes the policy and requires that the parties be restored to their original positions before entering the contract. (*Imperial Casualty & Indemnity Co. v. Sogomonian, supra*, 198 Cal.App.3d at p. 184.) This conclusion of law is simply a straightforward application of the principles already discussed in this opinion.

Plaintiff's request for payment under the policies is inconsistent with a claim for rescission damages under section 1692. Rescission extinguishes the policies. Plaintiff's claim, however, seeks to affirm the policies and obtain recovery under their provisions. As noted by defendant, plaintiff's claim was "fatally defective." The court properly found that plaintiff failed to state a cause of action under section 1692.

### 5. One-year Limitations Period

As stated above, when properly construed, plaintiff's cause of action for improper rescission amounted to no more than a cause of action for breach of contract under a different name. Plaintiff's claim, therefore, was barred by the contractual one-year limitations period.

The applicable limitations period is determined by the gravamen of the complaint rather than the named cause of action. (See *City of Vista v. Robert Thomas Securities, Inc.* (2000) 84 Cal.App.4th 882, 889 [101 Cal.Rptr.2d 237]; *Hatch v. Collins* (1990) 225 Cal.App.3d 1104, 1110 [275 Cal.Rptr. 476].) The gravamen of plaintiff's complaint is that defendant breached the contract in failing to pay insurance benefits and rescinding the policies. Because plaintiff seeks to recover benefits under the policy, she is bound to the contractual one-year limitations period. (See *Jang v. State Farm Fire & Casualty Co.* (2000) 80 Cal.App.4th 1291, 1301 [95 Cal.Rptr.2d 917]; *Abari v. State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530, 536 [252 Cal.Rptr. 565].)

Plaintiff nevertheless argues that defendant cannot rely on the contractual limitations period after rescinding the contract. Plaintiff specifically contends that, "equity should not permit [defendant] to seek the benefit of the same contract it has repudiated for all other purposes."

Despite plaintiff's appeal to equity, the limitations period is not determined by defendant's conduct, but by plaintiff's cause of action. Although defendant rescinded the policies, plaintiff still attempts to revive them and recover benefits under their provisions.

Plaintiff asserts that she timely filed a claim under the policies and timely filed the current action under section 1692. As noted by defendant, plaintiff had two primary alternatives: (1) file a complaint for damages under the policies within the one-year limitations period, or (2) file a complaint for rescission damages under section 1692. Plaintiff did neither. While plaintiff may have filed a timely insurance claim with defendant, she did not file a timely complaint for breach of contract when defendant refused her claim and rescinded her policies. Instead, about a year after the limitations period expired, plaintiff filed a complaint for damages for breach of contract under the guise of a rescission action under section 1692. Under the circumstances in this case, equity does not weigh in plaintiff's favor.

### 6.   Disposition

We affirm the judgment. Defendant shall recover its costs on appeal.

Hollenhorst, Acting P. J., and McKinster, J., concurred.