Filed 4/18/13  Svaco v. Fusina CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ESTHER KEEFE SVACO as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JOSEPH FUSINA, <br><br> Defendant and Respondent. | D058954 <br><br><br> (Super. Ct. No. <br>  37-2009-00054498-CU-OR-NC) |
| ESTHER KEEFE SVACO as Trustee etc. <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JOSEPH FUSINA, <br><br> Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed as modified.

INTRODUCTION

Joseph Fusina purchased a five-acre parcel of undeveloped land (the Fusina Parcel or Fusina's Parcel) from Eveline Bustillos (Eveline). At the time of the sale, Eveline also owned a separate parcel (the Eveline Parcel or Eveline's Parcel) located in the same general vicinity as the Fusina Parcel. Around the time of the sale of the Fusina Parcel, Eveline transferred Eveline's Parcel to a trust, of which Esther Keefe Svaco is the trustee, and Eveline and others are beneficiaries. Neither Fusina's Parcel nor Eveline's Parcel is adjacent to a public road. Access to Fusina's Parcel and Eveline's Parcel is gained by way of a private access road (Access Road) that traverses several parcels,[1] including Eveline's Parcel and Fusina's Parcel. The Access Road reaches Eveline's Parcel first, then splits and continues on to Fusina's Parcel.

Svaco filed this lawsuit in which she contended that a provision in the covenants, conditions, and restrictions (CC&Rs) governing Fusina's Parcel and Eveline's Parcel required Fusina to contribute one-third of the costs related to improvements to the Access Road. Svaco sought to impose an equitable lien in the amount of $242,860.84 on Fusina's Parcel, and also brought claims for breach of contract and declaratory relief based on Fusina's alleged obligation to contribute to the costs of improving the Access

---

[1] Although several maps depicting the parcels and the Access Road were offered as exhibits at trial, appellants failed to transmit those exhibits to this court. We therefore base our description of the physical location of the Access Road and the parcels on the trial court's statement of decision. None of the parties has raised any challenge to the trial court's statement of decision in this respect on appeal.

Road. Fusina filed a cross-complaint in which he brought claims that included breach of contract and fraudulent concealment against Eveline, and a claim for rescission against Eveline and Svaco. Fusina's claims were based on his allegation that Eveline concealed her plan to construct the improvements to the Access Road prior to selling him the Fusina Parcel.

After a bench trial, the trial court ruled in Fusina's favor on all of Svaco's causes of action. The court noted that the CC&Rs required that those who used the Access Road to pay equal shares of the "costs of construction, [and] mutually agreed upon costs of improvements." The court determined that the costs that Svaco sought were for "improvements" and that they were not chargeable to Fusina because they had not been " 'mutually agreed upon.' " On Fusina's cross-complaint, the trial court found that Eveline had concealed her plan to perform substantial and expensive work on the Access Road and to charge Fusina one-third of the costs. Based on this concealment, the trial court permitted Fusina to rescind the purchase agreement for the Fusina Parcel. The court stated that if Fusina chose not to rescind the purchase agreement, he would receive $1.00 in damages from Eveline and would retain the Fusina Parcel. Fusina subsequently elected the rescission remedy. The court entered judgment awarding Fusina nominal damages on his breach of contract and concealment claims, and specified the terms by which Fusina could effectuate a rescission of the purchase agreement for the Fusina Parcel. The court also awarded Fusina approximately $137,000 in fees and costs as the prevailing party.

3

Eveline and Svaco filed a joint notice of appeal. In their brief on appeal, with respect to Fusina's cross-complaint, Eveline contends that the trial court erred in finding that she fraudulently procured Fusina's consent to the purchase agreement for the Fusina parcel. Specifically, Eveline contends that the trial court erred in finding that she committed fraud by concealment in failing to disclose to Fusina her plan to improve the Access Road. In addition, with respect to the claims in her complaint, Svaco contends that the trial court erred in concluding that the costs related to constructing the Access Road were not chargeable to Fusina. Eveline and Svaco also contend that we must strike those portions of the judgment that grant Fusina affirmative relief on his breach of contract and concealment causes of action, in light of Fusina's election to rescind the agreement on which those causes of action are based.

We conclude that the trial court did not err in permitting Fusina to rescind the purchase agreement for Fusina's Parcel based on Eveline's fraudulent concealment of her plan to improve the Access Road and to charge Fusina for one-third of the costs of the improvements. In light of our affirmance of the trial court's judgment permitting Fusina to rescind the purchase agreement for the Fusina Parcel, Fusina cannot be liable for claims premised on the CC&Rs governing the Fusina Parcel since those CC&Rs are not binding on him. Accordingly, we affirm the trial court's ruling in favor of Fusina on Svaco's claims, all of which are premised on the CC&Rs. Finally, we strike those portions of the judgment granting Fusina affirmative relief on Fusina's breach of contract and concealment causes of action, because such relief is inconsistent with Fusina's election to rescind the purchase agreement. As so modified, we affirm the judgment.

4

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Svaco's complaint*

Svaco filed a complaint against Fusina in which she alleged that she was the legal owner of Eveline's Parcel and that Fusina was the owner of Fusina's Parcel. Svaco alleged that both Fusina's Parcel and Eveline's Parcel were bound by CC&Rs governing the parcels. Svaco alleged that one of the terms of the CC&Rs stated, " 'All property owners have to contribute to the construction, maintenance and improvement of the private easements that access the Property.' "

In a claim to impose an equitable lien on Fusina's Parcel, Svaco alleged that her predecessor in interest had begun construction on the Access Road on or about March 1, 2004, and that Svaco had substantially completed construction of the road on September 1, 2008. Svaco further alleged that Fusina had refused to "contribute his one-third share of the costs of construction of the road," and that the CC&Rs permitted Svaco to impose an equitable lien on Fusina's Parcel to secure the payment of Fusina's share of these costs.[2] In a breach of contract cause of action, Svaco alleged that Fusina had breached a provision in the CC&Rs that required him to contribute one-third of the costs of construction of the improved Access Road. Svaco also brought a claim for declaratory relief in which she requested that the court interpret the relevant provisions of the CC&Rs.

---

2    Svaco did not identify which provision in the CC&Rs she contended required Fusina to contribute a one-third share of the costs.

B.     *Fusina's cross-complaint*

Fusina filed a cross-complaint against Svaco and Eveline that contained claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, fraudulent concealment, rescission, declaratory relief, and a claim to quiet title.  Fusina alleged that on or about February 8, 2007, he entered into a purchase agreement with Eveline for the Fusina Parcel and that escrow on the sale had closed on or about June 11, 2007.  Fusina further alleged that "during the sale" of the Fusina parcel, Eveline and Svaco had begun to construct improvements to the Access Road and that the improvements were substantially completed by September 1, 2008.  Fusina claimed that he "did not learn of the [i]mprovements until . . . September 23, 2008," and that he never consented to the improvements.  Fusina alleged that Eveline had "concealed material facts" concerning the improvements prior to selling him the Fusina Parcel.

C.     *The trial*

In August 2010, the trial court held a bench trial on the complaint and the cross-complaint at which the parties presented evidence concerning the circumstances surrounding the construction of the Access Road and Fusina's purchase of the Fusina Parcel.

The evidence established that in 2005, Eveline recorded CC&Rs burdening Eveline's Parcel, the parcel that Fusina later purchased, and a nearby third parcel (collectively "the Property").  The CC&Rs state in relevant part:

6

"All property owners have to contribute to the construction, maintenance and improvement of the private easements that access the Property.  All persons who use the easements agree that:

"1. The slope and grade and other conditions of the access roads must be satisfactory to the relevant fire departments.

"2. The primary access roads are to have a six-foot trail on their side for horses and runners and walkers, but not for motorized vehicles. A lodgepole rail fence will be installed between the trail and the road. Native plants will be planted along the fence. A bonded DG surface will be placed on the trail.

"3. The costs of construction, mutually agreed upon costs of improvements, and all necessary and reasonable repairs and maintenance, of the roads and trail will be equally shared by the property owners and others using the road.

"4.  Those property owners and others using the roads and trail who contribute to the costs of construction, improvements, repairs and maintenance will have equal access to the use, improvements and repairs to the road and trail.

"5. Those people who fail to pay their share of costs of construction, mutually agreed upon costs of improvements, and all necessary and reasonable repairs and maintenance, agree to pay interest on the unpaid balance at the rate of twenty-five percent per annum, and agree to permit a lien for the unpaid balance to be placed on their real and personal properties. Interest and other payments collected under this paragraph will be used to reimburse those parties who have made their required contributions or (if appropriate) retained for future repairs and maintenance or mutually agreed upon improvements.

"6. Costs of construction are required only for those portions of the access roads lying within [the Property]."

In November 2005, Eveline hired Michael Smith, a civil engineer, to design the Access Road.  By late February 2007, Smith had completed approximately 75 percent of his work.

On February 7, 2007, Fusina offered Eveline $570,000 to purchase the Fusina Parcel.

On or about February 9, Fusina and his real estate agent, Brian Cane, met with Eveline's husband, Michael Bustillos (Michael), who showed them the Fusina Parcel. Both Fusina and Cane testified that Michael did not disclose any plan to improve the Access Road during the showing. Michael testified that he did tell Fusina and Cane about the plan to improve the Access Road at the February 9 showing.

On or about March 7, Eveline accepted Fusina's offer to purchase the Fusina Parcel. In March and April 2007, Eveline and/or Michael received various bids for performing portions of the work on the Access Road, including bids of $153,592 for grading and drainage, $56,046 for asphalt paving, and $337,000 for concrete work. Neither Michael nor Eveline disclosed the bids to Fusina.

The bulk of the Access Road improvements were constructed between April and September 2008, at a total cost of $655,073.51. Fusina first learned of the improvements to the Access Road in September 2008, when Michael sent him a letter asking him to pay $179,193.56. In the letter, Michael claimed that the CC&Rs required that Fusina pay this amount for his share of the costs of the improvements to the Access Road.

D.      *The trial court's ruling*

On September 13, 2010, the trial court entered a statement of decision in which the court ruled in favor of Fusina on all of the claims in Svaco's complaint. The court interpreted the CC&Rs and determined that none of the costs of improving the Access Road were chargeable to Fusina. The court therefore ruled that Svaco was not entitled to prevail on her breach of contract and declaratory relief claims, which were based on the CC&Rs, and that Svaco was not entitled to impose an equitable lien on the Fusina Parcel to secure payment of these costs.[3]

With respect to Fusina's cross-complaint, the trial court found that Eveline had breached provisions in the purchase agreement for the Fusina Parcel that required her to disclose "known material facts and defects affecting the property." The court found also that Fusina was entitled to prevail on his claim for fraudulent concealment against Eveline, based on her failure to disclose her plan to improve the Access Road, and that Fusina was entitled to rescind the purchase agreement for the Fusina Parcel due to this concealment. Finally, the court found that Fusina was the prevailing party in the action.[4]

---

[3]     The trial court also found that Fusina was entitled to prevail on his claim for quiet title against Svaco, on the ground that Svaco was not entitled to impose a lien on the Fusina Parcel.

[4]     Although not material to this appeal, the court also found that Fusina was not entitled to recover on his claims for breach of the covenant of good faith and fair dealing and intentional misrepresentation, that it was not necessary to award Fusina any declaratory relief, and that Fusina was not entitled to recover punitive damages.

9

On September 23, Fusina filed a "Notice of Election of Rescission," notifying the court and the other parties of his election to rescind the purchase agreement for the Fusina Parcel, pursuant to the court's statement of decision.

The trial court entered a judgment on November 12, 2010, in favor of Fusina against Svaco on her claims for equitable lien, breach of contract, and declaratory relief. The court granted judgment in favor of Fusina, against Eveline, on the claims in his cross-complaint for breach of contract and fraudulent concealment, and awarded Fusina damages in the amount of $1.00 on each claim. In addition, the court granted judgment in favor of Fusina on his cause of action for rescission of the purchase agreement for the Fusina Parcel, and specified the manner by which the rescission was to be effectuated. Finally, the court found that Fusina was the prevailing party, and awarded him costs in the amount of $6,918.11 and attorney fees in the amount of $129,852.50. The court stated that Svaco and Eveline were jointly and severally liable for the costs and attorney fees.

E.    *The appeal*

Svaco and Eveline timely appealed the judgment.

III.

DISCUSSION

A.  *The trial court did not err in permitting Fusina to rescind the purchase agreement based on Eveline's fraudulent concealment of her plan to improve the Access Road*

Eveline contends that the trial court erred in finding that she fraudulently procured Fusina's consent to the purchase agreement for the Fusina parcel by concealing her plan to improve the Access Road.

1.  *Governing law*

a.  *Fraudulent concealment*

In *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.* (1992) 6 Cal.App.4th 603, at pages 612 through 613, the court outlined the elements of a fraudulent concealment cause of action:

> "(1) [T]he defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."

In *Alfaro v. Community Housing Imp. System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, the court discussed the tort of fraudulent concealment in the context of a real estate transaction by stating, "A seller of real property has a common law duty to disclose 'where the seller knows of facts materially affecting the value or desirability of the property which are known or accessible only to him and also knows that such facts are not known to, or within the reach of the diligent attention and observation of the

11

buyer . . . .' [Citations.]" (*Id*. at p. 1382.) "This broad statement of duty has led one commentator to conclude: 'The ancient maxim *caveat emptor* ("let the buyer beware") has little or no application to California real estate transactions.' (1 Miller & Starr, Current Law of Cal. Real Estate (rev. ed. 1975) § 1:80.)" (*Reed v. King* (1983) 145 Cal.App.3d 261, 265 [concluding buyer stated cause of action for rescission based on seller's failure to disclose that a woman and her four children had been murdered on the property 10 years earlier].)

        b.      *Rescission based on fraudulent concealment*

Civil Code section 1689, subdivision (b) provides:

> "A party to a contract may rescind the contract in the following cases:
>
> "(1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by . . . fraud . . . exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party."

Civil Code section 1572, provides in relevant part:

> "Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
>
> "[¶] . . . . [¶]
>
> "3. The suppression of that which is true, by one having knowledge or belief of the fact[.]"

In the context of real estate sales, "[b]reach of a seller's duty of disclosure is grounds for rescission. [Citation.]" (*Assilzadeh v. Cal. Fed. Bank* (2000) 82 Cal.App.4th 399, 409 (*Assilzadeh*).)

12

## 2. *Factual and procedural background*

In its statement of decision, the trial court stated the following:

"The court finds that Fusina's consent to the purchase agreement was procured by 'fraud' within the meaning of Civil Code section 1689. The 'fraud' consisted of the concealment of the following material facts: "(1) [Eveline] had plans to perform substantial work on the [Access Road]; (2) [Eveline] knew that the costs of the work would be significant – in the hundreds of thousands of dollars; (3) [Eveline] had received bids from contractors showing that the expected costs would be in the hundreds of thousands of dollars; and (4) [Eveline] planned to charge Fusina for a one-third share of those costs. [¶] Therefore, Fusina may, at his election, rescind the purchase of the Fusina Parcel."

In addition to making these findings, the trial court determined that Eveline had breached various provisions in the purchase agreement for the Fusina Parcel that required her to disclose material facts affecting the property. In making this determination, the trial court noted that Eveline had provided Fusina with a document entitled, "Seller Vacant Land Questionnaire." That questionnaire states in relevant part, " 'Are you (Seller) aware of . . . [a]ny Homeowner or Property Owner Association (OA) governing the Property, or any pending or proposed due increases, special assessments, rule changes, insurance, availability issues or litigation by or against the OA affecting the Property?' " The trial court noted that Eveline had answered " 'Yes' " to this question and that she had added, " 'Recorded CC&Rs requiring contribution to access and trails.' " The court found that Eveline's "response was misleading and incomplete," reasoning:

"At the time of the response, [Eveline] knew that she or others would be making a claim against the purchaser of the Fusina Parcel for one-third of hundreds of thousands of dollars of work to be performed on the [Access Road]. . . . [¶] In essence [Eveline] knew that Fusina was not only buying the Fusina Parcel for $570,000, he

13

was also buying a claim against him for more than a hundred thousand dollars. Even if the claim turned out to be legally invalid (as this Court believes to be the case), Fusina was unwittingly buying an obligation to defend against a claim that was known to [Eveline]. This was material to the transaction and should have been disclosed. The failure to disclose constitutes a breach of the purchase agreement. [¶] In this regard, the Court finds that the testimony of both [Eveline] and [Michael] concerning these important topics was not entirely credible."

3. *Eveline's contentions in support of reversal are without merit*

Eveline raises several contentions in support of reversal of the trial court's ruling permitting Fusina to rescind his purchase of the Fusina Parcel. None are persuasive.

a. *There is substantial evidence to support the trial court's finding that Eveline concealed her plan to perform extensive work on the Access Road*

Eveline's contends that there is no substantial evidence to support the trial court's finding that she failed to disclose to Fusina her plan to perform extensive work on the Access Road.

i. *Standard of review*

"We review findings by the trier of fact under the substantial evidence standard. . . ." (*Faigin v. Signature Group Holdings, Inc.* (2012) 211 Cal.App.4th 726, 736.) " 'Substantial evidence' is evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value. [Citation] . . . Inferences may constitute substantial evidence, but they must be the product of logic and reason. Speculation or conjecture alone is not substantial evidence. [Citations.] . . . [¶] The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the

14

whole record.  [Citation.]"  (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651-652.)

ii.    *Application*

At trial, Fusina repeatedly testified that no one disclosed to him Eveline's plan to perform extensive work on the road. For example, Fusina testified as follows:

"I had no . . . idea that there was going to be a road or in the process of it.  And if it started in 2004, even though it didn't get finished until 2008, you would think that I would have been told something. You would think that I would have been told something.  You would think that the people selling this, knowing that, that they would tell me something that a road is coming in there.  And it never happened."[5]

Fusina's real estate agent, Brian Cane, also testified that no one disclosed to him the plans to perform work on the Access Road:

"[Fusina's attorney]: And no one ever told you that . . . that road was going to be built and Mr. Fusina was going to be expected to pay one-third of it; is that right?"

"[Cane]: No."

"[Fusina's attorney]:  And had you known that, you certainly would have told Fusina; is that correct?

"[Cane]: Correct."

---

5      Fusina also testified "Nothing was ever said to me about a road . . . .  And nobody, nobody said anything to me until it was 98 percent done a year later."  In addition, when asked, "Did anyone ever tell you that you needed to pay so much money for these improvements?" Fusina responded, "Not until September of . . .  2008 when it was 98 percent completed.  Previous to that, no."

15

Further, none of the various documents that Eveline provided to Fusina in connection with the sale of the Fusina Parcel disclosed her plan to perform substantial work on the Access Road.

Eveline does not dispute that she had a duty to disclose her plan to perform substantial work on the Access Road, and does not address any of the evidence discussed above on which the trial court could have based a reasonable finding that she failed to disclose such plan. Rather, Eveline's sole argument is that she adequately disclosed her plan to perform substantial work on the Access Road by providing Fusina with a copy of a "soils report"[6] related to the Access Road. We are not persuaded. Most fundamentally, Eveline does not identify any portion of the soils report that discloses an imminent plan to improve the Access Road. Further, the trial court could have reasonably relied on the following testimony concerning the soils report in finding that Eveline did not fulfill her duty to disclose her plan to perform substantial work on the Access Road merely by providing Fusina with a copy of the report.

Engineer Smith testified as follows concerning the soils report:

"[Fusina's attorney]: And the soils report, which we discussed earlier, was not intended to convey that a road was going to be built. It was intended to evaluate the soils in the area to subsequently design a road; is that right?

"[Smith]: That's correct."

---

6    The report is formally entitled "Limited Geotechnical Investigation and Evaluation Private Easement Road."

16

Cane, Fusina's real estate agent, testified as follows concerning the soils report:

> "[Fusina's attorney]: The soils report, Exhibit 12, what did the soils report tell you about the [Access Road]?
>
> "[Cane]: Tells me that the sellers had acquired—as to [*sic*] the feasibility of building a road, and gave factual information on that.
>
> "[Fusina's attorney]: And was that all it told you?
>
> "[Cane]: The feasibility of building a road, yes.
>
> "[Fusina's attorney]: It didn't . . . disclose to you, in your view, that anyone was planning to build a road, did it?
>
> "[Cane]: No, it was—it's my understanding of this record that they had [*sic*] as to feasibility of building a road on that."

Cane also testified that he was under the impression that the soils report was "a report that they were simply providing because they had a report." Fusina testified that he did not understand the report.

In light of the nature of the soils report and the testimony cited above, we conclude that the trial court was not required to find that Eveline fulfilled her duty to disclose plans to perform substantial work on the Access Road merely by providing Fusina with a copy of the soils report. Accordingly, because the trial court could have reasonably found that Eveline failed to disclose, either orally or in writing, her plan to have extensive work done on the Access Road, we conclude that there is substantial evidence to support the trial court's finding that Eveline concealed her plan from Fusina.

### b. *There is substantial evidence to support the trial court's finding that Eveline concealed her plan to charge Fusina one-third of the costs of improving the Access Road*

Eveline contends that there is no substantial evidence to support the trial court's finding that she concealed her plan to charge Fusina for one-third of the costs of improving the Access Road. We apply the substantial evidence standard of review described in part III.A.1.a., *ante,* to this claim.

The evidence supporting this finding largely overlaps the evidence supporting the trial court's finding that Eveline did not disclose her plan to perform substantial work on the Access Road. Fusina and Cane both testified that no one disclosed to them the fact that Eveline planned to charge Fusina one-third of the costs of improving the Access Road. Nor did Eveline provide Fusina with any documentation disclosing in writing her plan to charge him for one-third of the costs of improving the Access Road.

Eveline does not dispute that she had a duty to disclose her plan to charge Fusina one-third of the costs of the planned improvements. However, she contends that she fulfilled this duty by providing Fusina with a copy of the CC&Rs. In making this contention, Eveline demonstrates her misunderstanding of the crux of the trial court's finding concerning her failure to disclose. Irrespective of whether the costs for improving the Access Road were chargeable to Fusina under the terms of the CC&Rs,[7]

---

[7] As noted in parts I. and II., *ante*, in rejecting Svaco's claims, the trial court interpreted the CC&Rs and concluded that the costs of improving the Access Road were *not* chargeable to Fusina. Although we need not address the merits of the trial court's conclusion in this regard for the reasons explained in part I, *ante*, we emphasize that we

18

the trial court found that Eveline failed to disclose that she intended to make a claim against Fusina for these costs, and that she knew that these costs would be substantial, i.e.," in the hundreds of thousands of dollars."  As noted previously, in connection with its finding that Eveline breached the purchase agreement by failing to provide all material facts affecting the property, the court found:

> "[Eveline] knew that she or others would be making a claim against the purchaser of the Fusina Parcel for one-third of hundreds of thousands of dollars of work to be performed on the [Access Road]. . . . [¶]  In essence [Eveline] knew that Fusina was not only buying the Fusina Parcel for $570,000, he was also buying a claim against him for more than a hundred thousand dollars.  Even if the claim turned out to be legally invalid (as this Court believes to be the case), Fusina was unwittingly buying an obligation to defend against a claim that was known to [Eveline]."

The evidence clearly supports the trial court's finding that at the time the parties entered into the purchase agreement for the Fusina Parcel, Eveline knew that she intended to make a claim against Fusina.  Eveline, herself, testified that she knew, prior to entering into the purchase agreement for the Fusina Parcel, that she would seek to charge Fusina one-third of the costs of the improvements to the Access Road.[8]  Further, it cannot be disputed that the CC&Rs did not put Fusina on notice that Eveline would be making a claim pursuant to the CC&Rs.  It was Eveline's failure to disclose her intention to make a

---

do not intend to suggest that the trial court erred in its interpretation of the CC&Rs.  We simply do not need to reach that issue in order to resolve this appeal.

[8]     Fusina's attorney asked Eveline, "But you knew before you sold [Fusina's parcel] that you would be asking him for a third of the costs to the road; is that correct?"  Eveline responded, "Yes."  Fusina's attorney continued, "Well, why not tell him or his agent?"  Eveline responded, "It was in the paperwork."

claim for a substantial amount of money against Fusina, pursuant to the CC&Rs, that the trial court found constituted a breach of Eveline's duty of disclosure. Eveline has failed to make any persuasive argument that would undermine this finding. Accordingly, we conclude that there is substantial evidence to support the trial court's finding that Eveline concealed her plan to charge Fusina one-third of the costs of improving the Access Road.

        c.      *Eveline's contentions concerning her failure to disclose her knowledge of the costs and bids associated with improving the Access Road are unpersuasive*

Eveline raises several contentions concerning the trial court's findings that she knew that the costs of work on the Access Road would be significant, and that she had received bids that demonstrated that the expected costs would be in the hundreds of thousands of dollars. None of Eveline's contentions are persuasive. Most of her contentions fail because they are based on the faulty premise that "there is *no* substantial evidence to support the finding that [Eveline] concealed plans to perform substantial work on the [Access Road]." (Italics added.) In fact, as discussed above, there *is* substantial evidence to support the trial court's finding that Eveline concealed her plan to perform substantial work on the Access Road. It is Eveline's failure to disclose both her plan to improve the road *and* the costs and bids associated with that plan that the trial court found constituted a breach of her to duty to disclose. Thus, we are not persuaded by any of Eveline's numerous arguments that she had no duty to disclose her knowledge of the costs and bids associated with the road improvements because she purportedly adequately disclosed her plan to perform substantial work on the Access Road.

20

Citing *Assilzadeh, supra,* 82 Cal.App.4th 399, Eveline argues that she had no duty to disclose her knowledge of the costs and bids associated with the road improvements because a construction bid is a speculative opinion, and not a factual matter bearing upon the quality of the property. In *Assilzadeh*, the Court of Appeal concluded that a seller of a condominium unit had complied with its duty of disclosure by informing the buyer of the settlement of construction defect litigation related to the condominium project, and that the seller was not required to disclose its agent's opinion concerning the potential future market value of units in the project. (*Id.* at pp. 410-412.)

In this case, in contrast, there is substantial evidence to support the trial court's finding that Eveline *failed* to disclose her plan to perform substantial work on the Access Road. Further, the construction bids in this case constituted evidence that Eveline had clear and specific plans to improve the Access Road, in contrast with the "vague and general speculation concerning the possible market value of the unit at some unspecified future time depending on factors that may never exist," that the *Assilzadeh* court held failed to give rise to a duty of disclosure. (*Assilzadeh, supra,* 82 Cal.App.4th at p. 412.) Thus, even assuming that there were authority to support the proposition that a seller does not generally have a duty to disclose construction bids,[9] in this case, as discussed above, Eveline's failure to disclose the bids is a component of a larger breach of her duty to disclose her plan to have extensive and costly work performed on the Access Road.

---

9    *Assilzadeh,* which, as discussed in the text, dealt with the disclosure of an *opinion* as to the potential *future market value* of real estate (*Assilzadeh, supra,* 82 Cal.App.4th at pp. 410-412), does not constitute authority for this proposition.

Next, citing *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 162 (*Stevenson*), Eveline contends that she was not required to disclose the bids to perform work on the Access Road because the bids were purportedly "merely further details regarding the fundamental facts disclosed in the CC&Rs." This argument is similar to the argument addressed above, and we reject it for a similar reason. In *Stevenson*, the buyers of a mobilehome park claimed that the seller had breached his to duty of disclosure by failing to inform the buyers that that in 1971, the seller had temporarily moved several mobilehomes onto the property to permit an easement holder to work on a pipeline under the property. (*Id*. at p. 165.) The *Stevenson* court rejected the buyers' argument that the seller was required to disclose that 1971 incident, reasoning:

> "Although it would no doubt have interested the [buyers] to learn of the 1971 incident, the primary material fact which potentially affected the value of the property was the 'underlying' fact of the pipeline itself—a fact immediately ascertainable from the public records. A reasonable person in the [buyers'] position, knowing that the oil company's easement was for pipeline purposes, would have realized that the easement holder might exercise its right of access to the pipeline at any time. . . . [¶] By warning the [buyers] in the purchase contract that they took title subject to easements of record, [the seller] put them on notice of the above material facts, which satisfied his duty of disclosure under the express terms of the contract." (*Id.* at p. 166.)

The seller in *Stevenson* disclosed the fundamental fact related to the property, i.e., the existence of the easement, but was not required to disclose additional facts related to that fact. In this case, in contrast, there is substantial evidence to support the trial court's finding that Eveline *failed* to disclose the fundamental fact related to the property at issue, i.e., her plan to perform substantial work on the Access Road. Thus, even

22

assuming that the construction bids were "merely further details" pertaining to a fundamental fact related to the property, Eveline *failed to disclose* the fundamental fact on which theses details were based.

Citing *Sweat v. Hollister* (1995) 37 Cal.App.4th 603 (*Sweat*), Eveline similarly contends that the bids were not disclosable because they were merely "practical ramifications of the CC&Rs." In *Sweat*, this court concluded that a house seller's agent was not required to disclose the legal and practical ramifications emanating from the fact that the house was located in a floodplain. (*Id.* at p. 608.) The *Sweat* court reasoned:

> "The *factual* matter leading to the alleged defect in the house—that it was in a floodplain—was revealed to the plaintiffs. The legal and practical effects of this state of affairs do not rise to the status of a fact—they are conclusions as to value resulting from the fact of situs in a floodplain. The existence and effect of city ordinances regulating rebuilding or improvement of a house in a floodplain constitute information as readily available to the plaintiffs as to the defendants. Actionable nondisclosure relates to facts not discoverable by the plaintiffs." (*Ibid.*)

Unlike in *Sweat*, the key factual matter related to the property at issue—Eveline's plan to seek to recover from Fusina one-third of the costs of improving the Access Road—was *not* revealed to Fusina. Further, as discussed above, there is substantial evidence to support the trial court's finding that Eveline's disclosure of the CC&Rs did *not* constitute an adequate disclosure of her plan to charge Fusina one-third of the costs of improvements to the Access Road. Thus, contrary to Eveline's contention that the bids were practical ramifications *of the CC&Rs*, in fact the bids were ramifications of *Eveline's plan to perform substantial work on the Access Road and charge Fusina one-third of the costs*. Finally, unlike in *Sweat*, Eveline's plan was not public information "as

23

readily available to the plaintiffs as to the defendants." (*Sweat, supra*, 37 Cal.App.4th at p. 608.) Accordingly, we reject Eveline's contentions that the bids were not disclosable pursuant to *Sweat* because they were merely "practical ramifications of the CC&Rs."

Eveline also contends that no duty to disclose the bids arose because there was "no substantial evidence to prove that bids for the cost of bringing the road into compliance with the fire department requirements were accessible only to [Eveline], and . . . there was no substantial evidence that [Eveline] was aware that Fusina did not know how to get such bids nor that [Eveline] knew that Fusina could not reasonably discover such bids." This contention is entirely unpersuasive. In light of the trial court's finding that Eveline failed to disclose her plan to have extensive work done on the Access Road, the trial court also could have reasonably found that Fusina lacked the ability to discover the costs of her undisclosed plan and the bids to perform such plan.

Eveline also raises a series of arguments related to her contention that there is no substantial evidence that Fusina would have acted differently if he had known about the bids. Fusina testified that he would not have purchased the Fusina Parcel if he had known of Eveline's plan to improve the Access Road and that she intended to make a claim against him for several hundred thousand dollars in costs for improving the Access Road. In fact, Fusina testified that he would not have bought the Fusina Parcel if he had been told that the Access Road would cost him even $20,000.[10] Accordingly, we conclude that there is substantial evidence that Fusina would not have entered into the

---

[10] As noted in part II., *ante*, appellants presented evidence that the "overall cost of the road" was $655,073.51.

24

purchase agreement for the Fusina Parcel if he had known of Eveline's plan to perform substantial work on the Access Road and the bids to perform such work.

Finally, Eveline argues that there is no substantial evidence that the work performed on the Access Road was detrimental to the value of Fusina's Parcel. (Citing *Sweat, supra*, 37 Cal.App.4th at p. 608 [seller has duty to disclose "all factual matters bearing upon the quality of the property being sold which might be *detrimental to value*"].) Eveline argues that the improvements to the Access Road "improved both the value and quality of [Fusina's Parcel]" by making the land suitable for residential construction. This argument overlooks the fact that Eveline's plan to charge Fusina more than $225,000 for the improvements to the Access Road based on his ownership of the Fusina Parcel—an amount equal to approximately 40 percent of cost of the parcel itself, rendered the Fusina Parcel less desirable than represented. Further, in making this argument, Eveline fails to address the detriment that Fusina suffered in having to defend against a claim seeking to impose an equitable lien in the amount of more than $225,000 on the property to pay for the improvements.[11] Accordingly, we conclude that Eveline has not demonstrated that her failure to disclose her plan to perform substantial work on the Access Road and charge Fusina one-third of the costs of that work was not detrimental to the value of Fusina's Parcel.

---

[11] We emphasize that Eveline makes no argument that the improvements to the Access Road increased the fair market value of Fusina's parcel by more than the costs to construct the improvements.

B.      *In light of Fusina's election to rescind the purchase agreement for the Fusina Parcel, the judgment must be modified by striking the judgment in Fusina's favor on his breach of contract and concealment causes of action based on that same agreement*

Appellants contend that because Fusina elected to rescind the purchase agreement, the judgment must be modified by striking the judgment in Fusina's favor on his breach of contract and concealment causes of action based on the same agreement.  We agree.

1.      *Governing law*

The law is clear that a party may not both rescind a contract *and* obtain damages for breach of that same contract.

> "When one party has been injured by a breach of contract and she either lacks the ability or the desire to keep the contract alive, she can choose between two different remedies.  [Citation.]  She can treat the contract as rescinded and recover damages resulting from the rescission.  Or she can treat the contract as repudiated by the other party and recover damages to which she would have been entitled had the other party not breached the contract or prevented her performance.  [Citation.]  An action for rescission is based on the disaffirmance of the contract and an action for damages for breach of contract is based on its affirmance.  [Citations.]  An action for rescission and an action for breach of contract are alternative remedies.  The election of one bars recovery under the other.  [Citations.]"  (*Akin v. Certain Underwriters At Lloyd's London* (2006) 140 Cal.App.4th 291, 296.)

"Under California law, a defrauded party to a contract may elect to rescind the contract and seek restitution, *or* stand on the contract and recover damages arising from the fraud."  (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 793, fn. 1, italics added (*McClain*).)  More generally, any "cause of action having its origin in a rescission of the contract is inconsistent with a cause of action for enforcement of the

26

contract based upon its affirmance. [Citations.]" (*City Bank of San Diego v. Ramage* (1968) 266 Cal.App.2d 570, 587.)

2.      *Factual and procedural background*

In its statement of decision, the trial court stated:

> "The court will enter a separate judgment with the following terms: [¶] . . . [¶] . . . if cross-complainant Joseph Fusina does not elect to rescind the purchase of the Fusina Parcel, then . . . Joseph Fusina shall recover $1 from cross-defendant Eveline Bustillos . . . . [¶] . . . Alternatively, if Joseph Fusina elects to rescind the purchase agreement, Fusina's purchase of the Fusina Parcel shall be rescinded and the parties shall be restored to their positions as they existed immediately prior to the execution of the purchase agreement."

Ten days after the court issued its statement of decision, Fusina filed a "Notice of Election of Rescission," indicating his intent to elect the rescission remedy and rescind the purchase agreement for the Fusina Parcel.

Approximately two months later, the court entered judgment in favor of Fusina on his breach of contract and concealment causes of action, and awarded nominal damages of $1.00 for each claim. The trial court also entered judgment in favor of Fusina on his cause of action for rescission, permitting him to rescind the purchase agreement.

3.      *Application*

Fusina concedes that the "election of rescission is inconsistent with Judgment for breach of contract," and agrees that the judgment for breach of contract must be stricken. However, Fusina argues that numerous cases "hold that fraudulent concealment of a material fact in connection with a real estate sales contract properly serves as the basis for rescission of that contract." As made clear in their reply brief, appellants do not contend

27

otherwise.  Rather appellants object to the trial court entering judgment in favor of Fusina on his claims for breach of contract and fraudulent concealment based on the purchase agreement for the Fusina Parcel and awarding him affirmative relief (in the form of nominal damages) on those claims, and at the same time permitting him to rescind the purchase agreement.  Appellants are correct that the judgment violates the election of remedies doctrine discussed in *McClain*.  (See *McClain, supra,* 159 Cal.App.4th at p. 793.)  Having elected to rescind the purchase agreement based on the court's finding that his consent to the purchase agreement was obtained by fraud, Fusina may not *also* recover damages based on such fraud.

Accordingly, we modify the judgment to reflect Fusina's election to rescind the purchase agreement for the Fusina Parcel by striking the judgment in Fusina's favor on his breach of contract and concealment causes of action based on the same agreement.[12]

---

12    As noted in the text, in its statement of decision, the trial court stated its intent to enter a judgment awarding Fusina damages on his breach of contract and concealment claims *or* rescission.   The record indicates that the parties prepared a proposed judgment that awarded nominal damages on Fusina's breach of contract and concealment claims *and* rescission, which the trial court signed.  Our modification of the judgment makes it consistent with that which the trial court stated it intended to enter in its statement of decision.

IV.

DISPOSITION

The November 12, 2010 judgment is modified to strike the judgment in favor of Fusina on Fusina's breach of contract and concealment causes of action. As so modified, the judgment is affirmed. Fusina shall recover costs on appeal.

AARON, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.